UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
SEMYON KREMER, et al.,                              :
                                                    :
                     Plaintiffs,             :
                                                    :
               -against-                  :      **OPINION**
                                                    :
                                                    :      06 Civ. 9949 (RLC)
NEW YORK STATE INSURANCE DEPT., et al.,             :
                                                    :
                     Defendants.             :
------------------------------------------------------------ X

APPEARANCES
Gregory Aris Tsonis
Rick Ostrove
Leeds Morelli & Brown, P.C.
One Old Country Road
Suite 347
Carle Place, NY 11514
*Attorneys for Plaintiffs*

Eugene Benger
Hillary Robin Kastleman
New York State Office of the Attorney General
120 Broadway
New York, NY 10271
*Attorneys for Defendants*

**ROBERT L. CARTER, District Judge**

Defendants New York State Insurance Department, Anne Francese, Mitchell Gennaoui, and Karen Cole (all together, "Defendants") request reconsideration of the court's March 25, 2009, Opinion ("Opinion"). Plaintiffs Semyon Kremer, Ademola Oluwo and Ian Martin (all together, "Plaintiffs") oppose the motion.

## BACKGROUND

Plaintiffs filed a complaint on October 19, 2006, alleging various instances of illegal employment discrimination. On May 31, 2007, Defendants moved to dismiss portions of the Amended Complaint pursuant to rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The court denied in part and granted in part Defendants' motion.

## DISCUSSION

A motion for reconsideration will be denied unless the moving party can identify controlling decisions or data that the court failed to consider which might have reasonably altered the court's previous decision. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Generally, the court will grant a motion for reconsideration in three limited circumstance: (1) an intervening change in the controlling law; (2) new evidence becomes available; (3) where the court must correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). A motion for reconsideration is not a vehicle for litigants to make repetitive arguments that the court has already considered and it cannot be used to fill in the gaps of a losing argument. Range Road Music, Inc. v. Music Sales Corp., 90 F.Supp.2d 390, 391-92 (S.D.N.Y. 2000).

Defendants argue that the Opinion neglected to address their argument about the timeliness of Plaintiffs' failure to promote claims. Plaintiff Oluwo had alleged three instances of discriminatory failure to promote based upon his national origin. He claimed that he was impermissibly denied promotion in connection with a 1989, a 1993, and a 2003 civil service exam. Oluwo ultimately withdrew his claims relating to the 1989 and 1993 exams, so only his claim relating to the 2003 exam remained. Plaintiff Martin alleged three instances of discriminatory failure to promote based on national origin. His allegations surrounded a 1998, a 2002 and a 2005 civil service exam. Finally, Plaintiff Kremer alleged three instances of being denied promotion because of his national origin and his accented speech. His allegations surrounded a 1999, a 2003 and a 2005 civil service exam. Defendants argue that all of these claims are time barred.

Plaintiffs argue that the motion for reconsideration is untimely. Local Civil Rule 6.3 requires that a motion for reconsideration be served within ten days after the entry of the court's determination of the original motion. Here, Defendants had until April 8, 2009, to request reconsideration of the Opinion. On that date, Defendants filed a request for an extension of time to move, albeit improperly: they failed to comply with the rules of the local electronic case filing system. However, the court may, and did, excuse that failure. See Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd., 422 F.3d 72, 76 (2d Cir. 2005). On May 15, 2009, the court granted Defendants' request for an extension telephonically. The motion is timely.

Plaintiffs also argue that the putative untimeliness of Kremer's denial of promotion claims is not a proper basis for reconsideration because it is a new argument. Indeed, Defendants did not argue in their Motion to Dismiss Portions of the Amended

3

Complaint that Kremer's failure to promote claims were untimely. "A motion for reconsideration can not be used to introduce new arguments which could have been brought to this Court's attention in a motion to dismiss." Adelphia Recovery Trust v. Bank of America, N.A., No. 05 Civ. 9050 (LMM), 2009 WL 1676077, at *3 (S.D.N.Y. June 16, 2009). Furthermore, Defendants do not give a valid reason for not having previously advanced these arguments. See, e.g. Novomoskvsk Joint Stock Co. "Azot" v. Revson, No. 95 Civ. 5399 (JSR), 1999 WL 767325, at *1 (S.D.N.Y. Sept. 28, 1999). Reconsideration is denied as to the timeliness of Kremer's claims.

Reconsideration is granted, however, as to the timeliness of Oluwo's and Martin's failure to promote claims. Upon reconsideration, the court finds that it overlooked Defendants' argument that their failure to promote claims are time barred.

As a general rule, "to sustain a claim for unlawful discrimination under Title VII . . . a plaintiff must file administrative charges with the EEOC within 300 days of the alleged discriminatory acts . . . . [Title VII] precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period, even if other acts of discrimination occurred within the statutory time period." Patterson v. County of Oneida, 375 F.3d 206, 220 (2d Cir.2004) (citations omitted). "Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice,'" and "each discriminatory act starts a new clock for filing charges alleging that act." AMTRAK v. Morgan, 536 U.S. 101, 114 (2002). It is also well settled that alleged adverse employment practices such as failure to promote are considered discrete acts to which separate filing deadlines apply. Id.

Oluwo filed his charge with the EEOC on or about April 3, 2006, so he is precluded from suing on any allegation of discrimination that occurred before June 7, 2005. Martin filed charges of discrimination with the EEOC on April 10, 2006, so he is precluded from suing on any allegation of discrimination that occurred before June 14, 2005. Accordingly, the following claims based on alleged individual instances of discrimination are dismissed as time barred: (1) Oluwo's 2003 failure to promote claim; (2) Martin's 1999 failure to promote claim; and (3) Martin's 2003 failure to promote claim.

## CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration is granted in part and denied in part. Upon reconsideration, the court holds that Oluwo's 2003 failure to promote claims, and Martin's 1999 and 2003 failure to promote claims are time barred.

Parties will submit to the court a proposed joint scheduling order by **September 18, 2009.**


**IT IS SO ORDERED.**

Dated:     September 1, 2009
           New York, New York

_____
Robert L. Carter
United States District Judge

5